# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOYCE MCKEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-22-859-G |
| ) | |
| BRANDON JIMENEZ, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Now before the Court is Plaintiff Joyce McKee's Motion to Remand (Doc. No. 3). Defendant Brandon Jimenez has filed a Response (Doc. No. 4). Having reviewed the parties' submissions, the Court makes its determination.

*I.     Background*

Plaintiff initiated this action on February 28, 2022, in the District Court of Payne County, Oklahoma, bringing one claim of negligence against Defendant in connection with a traffic accident that occurred on or about March 13, 2020. *See* Pet. (Doc. No. 1-2). On September 28, 2022, Defendant timely removed this action to federal court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332, contending that Plaintiff is a citizen of the State of Oklahoma, Defendant is a citizen of the State of Texas, and the amount in controversy exceeds $75,000. *See* Notice of Removal (Doc. No. 1) at 2. Shortly thereafter, Plaintiff filed the instant Motion to Remand, alleging that the diversity requirements of § 1332 are not satisfied because Defendant has presented no facts supporting that he is a

citizen of Texas for the purposes of diversity jurisdiction.  *See* Pl.'s Mot. (Doc. No. 3) at 4.

    II.       *Removal and Diversity Jurisdiction Under 28 U.S.C. § 1332(a)*

"Subject matter jurisdiction is determined at the time of removal." *Foltz v. Columbia Cas. Co.*, No. CIV-15-1144-D, 2016 WL 7240168, at *1 (W.D. Okla. Dec. 14, 2016) (citing *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) *abrogated on other grounds by Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81 (2014)). Jurisdiction under 28 U.S.C. § 1332(a) requires complete diversity among the parties—i.e., the citizenship of all defendants must be different from the citizenship of all plaintiffs. *McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008). ["C]omplete diversity of citizenship must be pleaded in the notice of removal and, if challenged, proved." *Hanson v. Dollar Gen.*, No. CIV-21-362-D, 2021 WL 2026452, at *2 (W.D. Okla. May 20, 2021).

The party invoking diversity jurisdiction—here, Defendant—has the "burden of proving [diversity jurisdiction] by a preponderance of the evidence." *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014). "The party invoking diversity jurisdiction might satisfy this burden by leaning on a rebuttable presumption that its domicile, once established, remains the same." *Id.* "For adults, domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). In determining a person's domicile, the Tenth Circuit instructs district courts to take an "all-things-considered approach" and has indicated that a person's residence, place

of employment, driver's license, automobile registration, payment of taxes, and several other factors may be relevant. *See Middleton*, 749 F.3d at 1201.

   III.   Discussion

Plaintiff does not address the citizenship of either party in her state-court Petition, but Defendant asserts in his Notice of Removal that Plaintiff is a citizen of the State of Oklahoma and Defendant is a citizen of the State of Texas. *See* Notice of Removal at 2. Plaintiff now argues that Defendant has not met his burden of proving complete diversity as is required by 28 U.S.C. § 1332 because Defendant has not presented facts supporting that Defendant is indeed a citizen of the State of Texas. *See* Pl.'s Mot. at 4. In support of her contention that there is no diversity of citizenship in this case, Plaintiff represents that Defendant listed a Stillwater, Oklahoma address as his residence in the Traffic Collision Report made following the 2020 traffic accident at issue. *Id.*; Pl.'s Mot. Ex. 3 (Doc. No. 3-3).

Defendant argues that he is a citizen of Texas and was a citizen of Texas at the time this action was commenced and removed, however. *See* Def.'s Resp. at 7. Attached to his Response, Defendant provides an affidavit stating the following:

> I was born in Florida in 1997 and moved to Texas with my parents when I was a pre-teen. After attending Oklahoma State University ("Oklahoma State") located in Stillwater, Oklahoma, I moved back to Texas between August and September 2021.
>
> I currently reside in North Richland Hills, Tarrant County, Texas. I have resided at this address since October 2021. I intend to reside and remain in Texas indefinitely.

Def.'s Aff. ¶¶ 4-5 (Doc. No. 4-1). Defendant further represents that he has been employed in Tarrant County, Texas since September of 2021 and has provided a copy of his Texas

3

driver's license. *See id.* at ¶¶ 6-7; Def.'s Mot. Ex. 2 (Doc. No. 4-2). Additionally, Defendant asserts that Plaintiff completed service of process upon him at his North Richland Hills, Texas home on or around September 1, 2022. *See* Def.'s Aff. ¶ 7. Plaintiff does not attempt to rebut Defendant's assertions or evidence.

The Court finds Defendant's evidence sufficient to establish Defendant's presence and intent to stay in Texas at the time this lawsuit was commenced and removed. Because Defendant has demonstrated that he is a domiciliary and citizen of the State of Texas, he has satisfied his burden of proving by a preponderance of the evidence that diversity of citizenship exists between the parties. Further, no party disputes that the amount in controversy exceeds $75,000. Accordingly, the Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, and there is no basis for remand.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Remand (Doc. No. 3) is DENIED.

IT IS SO ORDERED this 29th day of September, 2023.

_____
CHARLES B. GOODWIN
United States District Judge